IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN CALON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-2608-JWL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's response (Doc. # 6) to the court's order to show cause (Doc. # 5) why the case should not be dismissed for lack of subject matter jurisdiction. The court hereby orders that plaintiff is granted leave until **February 17, 2009**, in which to file an amended complaint stating a proper basis for this court's jurisdiction. If plaintiff fails to file such a complaint by that date, the case shall be dismissed.

  *A.*   *Background*

On December 4, 2008, plaintiff John Calon instituted this action by filing a "Petition" pro se (Doc. # 1). In that pleading, plaintiff seeks an order "allowing for the assisted or self administered termination of his life functions." Plaintiff asserts that "[t]he Tenth Circuit Court of Appeals in Calon v. Apfel has ruled that self euthanasia is not illegal and that laws that prevent [plaintiff] from an assisted euthanasia may not be

constitutional." Plaintiff further seeks a "protection order" to allow either a friend or a doctor to assist in the termination of his life, as well as the court's "approval to allow him to obtain what is known as an euthanasia pill so that it can be self administered." Petitioner alleges that he "is currently being denied his constitutional and basic human rights," although he has identified no specific constitutional right in his pleading. Finally, plaintiff alleges various wrongful actions by employees of the City of Gladstone, Missouri, and "others known and unknown." Although in the other documents he has filed plaintiff has included certificates indicating delivery to the United States Attorney, there is no indication that plaintiff has accomplished service of the lawsuit on defendant United States.

On December 22, 2008, the Magistrate Judge issued a Notice and Order to Show Cause (Doc. # 5), by which he ordered plaintiff to show cause why the case should not be dismissed based on plaintiff's failure to allege any facts to establish a basis for federal subject matter jurisdiction, such as diversity jurisdiction under 28 U.S.C. § 1332(a), federal question jurisdiction under 28 U.S.C. § 1331, or jurisdiction under 28 U.S.C. § 1346 for certain claims against the United States. On January 12, 2009, plaintiff filed an "answer" to the show cause order (Doc. # 6). The court now addresses whether plaintiff has sufficiently established federal subject matter jurisdiction—that is, that his claims may be brought in a federal court instead of a state court.[1]

---

[1]The court does not address at this time plaintiff's pending motions to proceed
(continued...)

*B.    Analysis*

In his "petition" (hereinafter referred to as the "complaint"), plaintiff refers to *Calon v. Apfel*, an opinion by the Tenth Circuit in a previous case brought by plaintiff in this court. *See Calon v. Apfel*, 1999 WL 415340 (10th Cir. Apr. 1999). In that case, the Tenth Circuit did *not* rule, as plaintiff states, "that self euthanasia is not illegal and that laws that prevent [plaintiff] from an assisted euthanasia may not be constitutional." Rather, the Tenth Circuit (1) declined to address plaintiff's claims for disability and Social Security funds, on the basis that he failed to exhaust administrative remedies; (2) reversed and remanded the dismissal of his claim that the Social Security Administration (SSA) had refused to provide records; (3) ruled that plaintiff could not state a claim seeking an exception from federal laws prohibiting assisted suicide, as no such federal statute existed; (4) held that plaintiff could not state a cognizable claim that state laws prohibiting assisted suicide violated the First Amendment, the Due Process Clause, or the Equal Protection Clause; (5) ruled that any other constitutional claim by plaintiff challenging state laws regarding assisted suicide was too vague to confer federal question jurisdiction; (6) ruled that any claim challenging such state laws under state law theories of recovery should be dismissed without prejudice, to allow them to be brought in state court if plaintiff so chose; (7) upheld the dismissal of plaintiff's claim for a

---

[1](...continued)
*in forma pauperis* (Doc. # 2), to accelerate proceedings (Doc. # 3), to redact and seal the case (Doc. # 4), and to disqualify Magistrate Judge Rushfelt (Doc. # 7). These motions are referred to the Magistrate Judge.


protective order preventing attempts to arrest or confine him for practicing his religious beliefs, on the basis that plaintiff had not alleged a real and immediate threat of injury; and (8) refused to consider a challenge to the National Organ Transplant Act raised for the first time on appeal. *See id.*

In referencing this Tenth Circuit opinion, plaintiff did not assert any particular claim under federal law. Accordingly, that reference is not sufficient to establish federal question jurisdiction in this court.

Plaintiff also stated in his complaint that he had suffered constitutional violations, but he did not identify the relevant constitutional provisions. Therefore, plaintiff has not asserted a constitutional claim sufficiently definite to confer jurisdiction. *See Calon*, 1999 WL 415340, at * 2.

In his complaint, plaintiff referred to the SSA's denial of his application for funds to cover the cost of the termination of his life and instruction to him to petition the court directly, but plaintiff made this reference only in the section of this complaint concerning exhaustion of administrative remedies, and not in the context of stating a claim for relief. Thus, even liberally construed, plaintiff's complaint has not stated a claim under federal law or stated any other basis for federal jurisdiction.

In his response to the court's show cause order, plaintiff claims various violations of federal law, including 42 U.S.C. § 14402 and the First, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution. As noted above, plaintiff did not assert any such claims in his complaint. Accordingly, the court grants plaintiff leave

to file an amended complaint, on or before **February 16, 2009**, asserting a claim under federal law that would confer federal question jurisdiction upon the court.  Plaintiff should also include sufficient facts to allege a real and immediate threat of injury to support any claim for prospective relief, in accordance with the Tenth Circuit's opinion.[2] If plaintiff fails to file such an amended complaint by the deadline, the court shall dismiss this action.  Moreover, the court puts plaintiff on notice that it will not entertain any request for substantive relief until plaintiff accomplishes service of process upon the defendant.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff is hereby granted leave until **February 17, 2009**, in which to file an amended complaint stating a proper basis for this court's jurisdiction, as set forth herein.  If plaintiff fails to file such a complaint by that date, the case shall be dismissed.

IT IS SO ORDERED.

Dated this 3rd day of February, 2009, in Kansas City, Kansas.

>  s/ John W. Lungstrum
>  John W. Lungstrum
>  United States District Judge

---

[2]In light of plaintiff's representation that he has faced "confiscation" of his Missouri residence and been forced to reside in his car, plaintiff should also make sure that he alleges sufficient facts to show that the District Court for the District of Kansas, as opposed to some other federal court, is the proper venue for this action.